IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: DARREL KALLEMBACH as the Intervenor                    ORDER
Intervention of Right as Claimant
Argyle, Wisconsin                                             09-cv-711-bbc
LARRY KALLEMBACH as the witness,

        Plaintiffs.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re: LARRY KALLEMBACH as the Intervenor                     ORDER
Intervention of my Fundamental Right as Claimant
Platteville, Wisconsin                                        09-cv-736-bbc
DARREL KALLEMBACH as the witness i.e.
Witness Protection Act 18 USCA Section 1512-1515

        Plaintiff.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiffs Larry and Darrel Kallembach have submitted pleadings in these two cases that appear to be notices of removal of cases from the Circuit Court for Grant County. The $350 filing fee has been paid in each case. However, plaintiffs cannot proceed with their cases because plaintiff Larry Kallembach is subject to an order entered September 15, 1998 in case no. 98-C-417-C that prohibits him from proceeding in any case until his pleadings have been screened to determine whether they have any merit. (From the caption of the

notice of removal in case no. 09-cv-711-bbc, it is not entirely clear whether Larry Kallembach is intended to be a party to the action. However, because he has signed the last page of the pleading I will consider that he wishes to be a party in that case.) Although Larry Kallembach appears to be a co-plaintiff in case no. 09-cv-711-bbc, the screening restriction in the September 15, 1998 order applies to any case in which Larry Kallembach is a plaintiff, regardless whether he is the sole plaintiff. Therefore, I will screen these cases pursuant to the September 15, 1998 order.

Plaintiffs' pleadings are completely unintelligible. As I have told plaintiffs on many occasions, it is appropriate to dismiss a complaint for lack of subject matter jurisdiction where, as here, the claims are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." Steel Company v. Citizens for a Better Environment, 118 S. Ct. 1003, 1010 (1998) (citing Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)). Therefore, plaintiffs will be denied permission to proceed with these lawsuits.

ORDER

IT IS ORDERED that

1. Plaintiffs Larry and Darrel Kallembach are DENIED permission to proceed in cases 09-cv-711-bbc and 09-cv-736-bbc because this court lacks jurisdiction to hear their

cases.

2. The clerk of court is directed to close the files.

Entered this 10th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge